IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SONJA L. TAYLOR-BRAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-019-LPS |
| | : | |
| DEPARTMENT OF SERVICES FOR CHILDREN, YOUTHS AND THEIR FAMILIES DELAWARE, | : : : | |
| | : | |
| Defendant. | : | |

Sonja L. Taylor-Bray, Harrington, Delaware, Pro Se Plaintiff.

Janice R. Tigani, Kevin R. Slattery, and Oliver James Aidan Cleary, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Delaware Department of Services for Children, Youths and Their Families.

**MEMORANDUM OPINION**

February 11, 2014
Wilmington, Delaware

STARR, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Sonja L. Taylor-Bray ("Plaintiff"), formerly employed as a youth rehabilitation counselor in facilities operated by Defendant Delaware Department of Services for Children, Youths and Their Families ("DSCYF" or "Defendant"), filed this action pursuant to 42 U.S.C. § 1981 and § 1983, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, alleging gender discrimination and unfair labor practices. (D.I. 2) She appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 6) Presently before the Court are Plaintiff's motion for summary judgment (D.I. 18) and motion to compel discovery (D.I. 22). For the reasons that follow, the Court will deny the motions.

## II. BACKGROUND

The allegations of the complaint are fully set forth in the June 8, 2012 Memorandum Opinion and Order that screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The original complaint named numerous defendants and raised several claims. Remaining are Plaintiff's employment discrimination claims under Title VII against DSCYF, as all other defendants and claims have been dismissed. (*See* D.I. 9, 10, 11)

Defendant answered the complaint on May 15, 2013. (D.I. 14) On June 24, 2013, Plaintiff filed a motion for summary judgment, opposed by Defendant. (D.I. 18) Next, on August 2, 2013, Plaintiff filed a motion to compel discovery, also opposed by Defendant. (D.I. 22) On September 12, 2013, the Court entered a scheduling order that provides for discovery to be completed on or before March 17, 2014 and for dispositive motions to be filed on or before April 21, 2014. (*See* D.I. 27)

### III. MOTION FOR SUMMARY JUDGMENT

Plaintiff filed her motion for summary judgment a little over a month after Defendant answered the complaint and prior to completion of discovery. Hence, the motion is premature.

In addition, Plaintiff did not provide support for her motion as she failed to cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," and failed to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). "[T]he court is not obliged to scour the record to find evidence that will support a party's claims." *Perkins v. City of Elizabeth*, 412 F. App'x 554, 555 (3d Cir. Feb. 11, 2011).

Accordingly, the Court will deny Plaintiff's motion for summary judgment as premature and without prejudice to renew.

### IV. MOTION TO COMPEL

Plaintiff filed a motion to compel discovery on August 2, 2013. (D.I. 22) According to the docket, it was not until August 12, 2013 that Plaintiff first engaged in the discovery process, by seeking discovery from the Dover Police Department. (*See* D.I. 24) There are no docket entries that reflect Plaintiff propounded discovery upon Defendant prior to filing the motion to compel. Hence, the motion to compel is premature.

While not clear, it appears that Plaintiff seeks an answer to the complaint. Defendant, however, answered the complaint on May 5, 2013. (*See* D.I. 14) To the extent that Plaintiff

2

seeks to obtain discovery from Defendant, she should comply with the Federal Rules of Civil Procedure. As noted above, all discovery is (under the present scheduling order) to be completed on or before March 17, 2014.

## V. **CONCLUSION**

For the above reasons, the Court will deny Plaintiff's motions (D.I. 18, 22) as premature. An appropriate Order follows.